## NO. 23-1215 (L); NO. 23-1250 (XAP)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

DONNA BROWE, TYLER BURGESS, BONNIE JAMIESON, PHILIP JORDAN, ESTATE OF BEVERLY BURGESS,

*Plaintiffs/Appellants/Cross-Appellees,*

LUCILLE LAUNDERVILLE,

*Plaintiff/Counter-Defendant/Appellant/Cross-Appellee,*

*v.*

CTC CORPORATION, BRUCE LAUMEISTER,

*Defendants/Counter-Claimants/Appellees/Cross-Appellants.*

---

## REPLY BRIEF OF DEFENDANTS/COUNTER-CLAIMANTS/APPELLEES/CROSS-APPELLANTS CTC CORPORATION AND BRUCE LAUMEISTER IN FURTHER SUPPORT OF CROSS-APPEAL

---

Primmer Piper Eggleston & Cramer PC
30 Main Street, Suite 500
Burlington, VT 05401
(802) 864-0880

Devine, Millimet & Branch P.A.
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
*On the Brief*

***Co-Counsel for CTC Corporation and Bruce Laumeister***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................iii

SUMMARY OF THE REPLY ........................................................................... 1

CROSS-APPEAL .............................................................................................. 1

REPLY ARGUMENT........................................................................................ 1

    I.    CTC and Laumeister Have Constitutional and Statutory Standing to Challenge the District Court's Remedial Scheme and Order Below (Resp. to Appellants' Reply Section I). ................... 4

        A.    Standing Is A Shield, Not A Sword. ........................................ 4

        B.    Appellants Offer No Support For Their Novel Offensive Standing Argument And The Cases They Cite Cut Against Them. ........................................................................... 7

        C.    If Appellants Are Right, This Court Should Dismiss Appellants' Claims. ............................................................... 12

    II.    Browe And Launderville Cannot Recover Benefits Under the Plan Like Other Plan Participants Because Their Claims For Benefits Were Not Timely And Are Barred By The Statute of Limitations (Resp. to Appellants' Reply Sections II.A & D). .......... 13

        A.    Browe and Launderville's Claims for Benefits Are Barred by the Statute of Limitations. ..................................... 13

        B.    Browe and Launderville's Claims Were Not Timely. ............ 14

    III.    The District Court's Remedial Scheme Is Unreasonable Because It Renders the Statute Of Limitations Defense Meaningless ........................................................................... 15

    IV.    As This Court Correctly Found, The Plan Was Never Terminated, So ERISA Section 4044 (codified in 29 U.S.C. § 1344) Does Not Apply To This Case And The District Court Erred In Applying 29 U.S.C. § 1344 And In Treating Its Allocation Scheme As Tolling The Statute Of Limitations (Resp. to Appellants' Reply Section II.C)........................................ 16

i

V.  Counter-Defendant Launderville Should Not Be Permitted To Recover Benefits Because She is Liable for ½ of the Restoration Award (Resp. to Appellants' Reply Section II.E). ........ 18

CONCLUSION ................................................................ 19

CERTIFICATE OF COMPLIANCE .................................... 21

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Browe v. CTC Corp.*, 15 F.4th 175 (2d Cir. 2021).............................................. passim

*Browe v. CTC Corp.*, No. 2:15-CV-267, 2023 WL 2965983 (D. Vt. Apr. 17, 2023) .............................................................................................................. 5

*Burke v. PriceWaterhouse Coopers LLP Long Term Disability Plan*, 572 F.3d 76 (2d Cir. 2009)................................................................................... 16

*Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) .................. 9

*Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988) ............................................... 9

*Frank v. Gaos*, 586 U.S. 485 (2019) ....................................................................... 12

*Freund v. Marshall & Ilsley Bank*, 485 F. Supp. 629 (W.D. Wis. 1979) ................. 5

*Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186 (11th Cir. 1997)........... 9

*Hall v. Nat'l Gypsum Co.*, 105 F.3d 225 (5th Cir. 1997)........................................ 9

*Ivanovic v. IBM Pers. Pension Plan*, 47 F. Supp. 3d 163 (E.D.N.Y. 2014).......... 16

*Larson v. United Healthcare Ins. Co.*, 723 F.3d 905 (7th Cir. 2013).................. 8, 9

*Layes v. Mead Corp.*, 132 F.3d 1246 (8th Cir. 1998) .............................................. 9

*Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir. 1989) ..................................... 7

*Massachusetts Laborers' Health & Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23 (1st Cir. 1988)........................................................................ 10

*Masters & Pilots Pension Plan*, 957 F.2d 1020 (2d Cir. 1992)........................ 18, 19

*Natural Resources Defense Council, Inc. v. Jamison*, 787 F. Supp. 231 (D.D.C. 1990) ............................................................................................... 7

*New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125 (2d Cir. 2015) ........................................................................................... 7

*People ex rel. Simpson v. Highland Irr. Co.*, 893 P.2d 122 (Colo. 1995) ............... 7

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282 (9th Cir. 2014) ..................................................................... 5

*Toth v. United Auto. Aerospace and Agr. Implement Workers of America UAW*, 743 F.2d 398 (6th Cir. 1984) ...................................................................... 7

*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255 (11th Cir. 2015)........... 7

## Statutes

29 U.S.C. § 1344 ............................................................................................. passim

ERISA § 502 ............................................................................... 3, 10, 15, 16

ERISA § 206............................................................................................... 18

## Other Authorities

*Wright & Miller,* 13A Fed. Prac. & Proc. Juris. § 3531 (3d ed.).............................. 6

## SUMMARY OF THE REPLY IN FURTHER SUPPORT OF CROSS-APPEAL

## REPLY ARGUMENT

The briefs filed by Plaintiffs/Counter-Defendants/Appellants/Cross-Appellees Donna Browe ("Browe"), Lucille Launderville ("Launderville"), Tyler Burgess, Bonnie Jamieson, Philip Jordan and the Estate of Beverley Burgess (collectively, "Appellants") ignore that fundamental issues raised on Cross-Appeal were already decided by this Court in 2021 and are the law of the case.

As highlighted by previous briefs filed by Defendants/Counter-Claimants/Appellees/Cross-Appellants CTC Corporation ("CTC") and Bruce Laumeister ("Laumeister") (collectively, "Appellees"), this Court ruled in 2021 that the subject deferred compensation plan (the "Plan") was *never* terminated *and* Launderville, a Counter-Defendant in this case, is liable as a breaching co-fiduciary who engaged in "classic self-dealing." *Browe v. CTC Corp.*, 15 F.4th 175, 197–201 (2d Cir. 2021).

Those prior rulings by this Court in 2021 dictate resolution of the three issues on Cross-Appeal, as follows:

1. Because this Court found that the Plan was never terminated, the mandatory allocation provisions of 29 U.S.C. § 1344 do not apply and benefits should not be paid to Browe or Launderville, whose claims are time barred; the District Court's decision to the contrary should be reversed (Cross-Appeal Issues 1 and 3);

1

2. Because 29 U.S.C. § 1344 does not toll the statute of limitations period or create any new entitlement to benefits on the part of Browe or Launderville, the District Court's decision to the contrary should be reversed, even if this Court had ruled the Plan had been terminated (Cross-Appeal Issue 1);

3. Because this Court found that Launderville, a Counter-Defendant in this case, is a breaching co-fiduciary who engaged in "classic self-dealing," she should not recover any benefits from the plan and her claim to $189,514.00 in benefits should be denied; the District Court's decision to the contrary should be reversed (Cross-Appeal Issue 2).

Rather than addressing, or even acknowledging, the 2021 rulings by this Court, Appellants begin their opposition to the Cross-Appeal by raising a novel and legally baseless standing argument. Appellants assert, for the first time before this Court, that CTC and Laumeister lack constitutional and statutory authority to challenge the District Court's remedial scheme and Remedial Order because the District Court, rather than Appellees, is the current administrator of the Plan. The issue as to whether Appellees are administrators of the Plan as of today is not relevant to this Cross-Appeal. Appellants sued *Appellees* as Plan administrators and fiduciaries, and the District Court's Remedial Order directs *Appellees* to pay Plan participants. By virtue of having cut and distributed checks totaling $545,000 to Plan participants, Appellees have assumed the role of a *de facto* administrator. Appellees unquestionably have standing to challenge the District Court's Remedial Order below and Appellants' statutory and Article III standing arguments fail.

2

Appellees' five other opposition arguments (II–VI) are similarly thin and unsupported by the law. As Appellants further explain below:

1. Browe and Launderville cannot recover benefits under the Plan like other Plan participants because their recovery is barred by the statute of limitations;

2. The District Court's remedial scheme is unreasonable because it renders the statute of limitations defense meaningless;

3. As this court correctly found, the Plan was never terminated, so ERISA Section 4044 (codified in 29 U.S.C. § 1344) does not apply to this case and the District Court erred in applying 29 U.S.C. § 1344 and in treating its allocation scheme as tolling the statute of limitations;

4. Launderville and Browe's claims for benefits were not timely and are barred by the statute of limitations; and

5. Counter-Defendant Launderville should not be allowed to recover benefits because she is liable for ½ of the Restoration Award entered by the District Court.

As of the filing of this appeal, the Estate of Bruce Laumeister (the "Estate") has made payments of benefits in full to fourteen of the sixteen Plan participants, totaling $545,940.00. *See* A372; SA40. Launderville, a breaching fiduciary and Counter-Defendant in this case, and Browe have not been paid because their claims for benefits are barred by the six year statute of limitations on ERISA § 502(a)(1)(B) claims, which is the central issue of this Cross-Appeal. The $545,940 already paid represents sixty-six percent (66%) of the Restoration Award amount totaling

$829,915. We note that although the Plan is a defined contribution plan, the Restoration Award consists solely of employer contributions.

## I. CTC And Laumeister Have Constitutional And Statutory Standing To Challenge The District Court's Remedial Scheme And Order Below (Resp. To Appellants' Reply Section I).

### A. Standing Is A Shield, Not A Sword.

Appellants' new standing argument is a red herring. Appellees certainly agree with the logical conclusion of this novel standing argument—that Appellants' ERISA claims against Appellees should be dismissed (on statute of limitations grounds)—but cannot agree with Appellants' standing argument itself.

Appellants sued Appellees as administrators of the Plan, and Bruce Laumeister personally as a fiduciary to the Plan. A62; A250. Appellants now argue for the first time in opposition to the Cross-Appeal that the very parties they sued— the *Appellees*—lack standing to challenge the District Court's remedial scheme because Appellees are no longer the Plan administrators. Rather, Appellants incorrectly posit that the District Court has assumed that role.[1]

---

[1] Arguably leading to the absurd result that the District Court is now a fiduciary susceptible to ERISA liability.

To the contrary, after considering this Court's decision,[2] the District Court's remedial scheme directs *Appellees* to pay Plan *participants, not the Plan*, and for Launderville to pay contribution to Appellees (after offset). SA1. Because the Remedial Order directs *Appellees* to pay Plan participants, Appellants' statutory and Article III standing arguments both fail and the issue of whether or not Appellees are administrators of the Plan today simply is not relevant. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014) ("[P]roper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include . . . insurers or other entities responsible for payment of benefits . . . .").

Further, we note that under ERISA, because Appellees have handled Plan benefits pursuant to the District Court's Remedial Order, Appellees have assumed the role of a *de facto* administrator and are therefore responsible for payment of benefits. *See Freund v. Marshall & Ilsley Bank*, 485 F. Supp. 629, 635 (W.D. Wis. 1979) (holding that the state of mind does not determine fiduciary status under

---

[2] *Browe*, 15 F.4th at 202 ("Although we do not hold that Plaintiffs have established their entitlement to benefits – as Defendants may have viable defenses to those claims – we conclude that the district court erred in its conclusion that they had failed to establish their entitlement as a matter of law."); *Browe v. CTC Corp.*, No. 2:15-CV-267, 2023 WL 2965983, at *3 (D. Vt. Apr. 17, 2023) (" . . . Defendants have a valid statute of limitations defense against Plaintiffs Launderville and Browe and the court's remedial plan should reflect these parties are not similarly situated to other Plan participants.").

ERISA as the objectives under ERISA's fiduciary provisions are to establish uniform fiduciary standards to prevent transactions which dissipate or endanger plan assets and to provide effective remedies for breaches of trust). Appellees have standing to challenge the remedial scheme based on any and all available legal defenses including, among others that Appellants' claims are time-barred, and therefore Appellants are not "participants" entitled to participate in the remedial scheme.

It is well settled that standing is a shield to be utilized by Defendants, not a sword for Plaintiffs, as Appellant attempts to wield here. On analyzing standing, *Wright & Miller* explains:

> The party focused upon, moreover, is almost invariably the plaintiff. A few decisions focus on the question whether the defendant has a sufficient interest to present a justiciable controversy with the plaintiff, but ordinarily the role of defendants is considered only in determining whether they have caused the injury complained of and whether an order directed to them will redress that injury.

*Wright & Miller,* 13A Fed. Prac. & Proc. Juris. § 3531 (3d ed.) (citations omitted).

Appellants' standing argument is not supported by any of the cases cited in the *Wright & Miller* excerpt above, where courts reviewed defendants' interest in relation to standing. In fact the cases cited: (1) found that standing was the wrong inquiry (*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1264–1267 (11th

Cir. 2015)); (2) *dismissed* some, but not all, claims against a defendant because plaintiff lacked standing to bring those claims (*Toth v. United Auto. Aerospace and Agr. Implement Workers of America UAW*, 743 F.2d 398, 404–405 (6th Cir. 1984); (3) decided issues pertaining to state official defendants on reasons not applicable here (*Natural Resources Defense Council, Inc. v. Jamison*, 787 F. Supp. 231, 235 n. 1 (D.D.C. 1990)); or (4) discussed that the rules for determining whether a plaintiff had standing (on which Appellants base their argument here) were simply inapplicable to defendants (*People ex rel. Simpson v. Highland Irr. Co.*, 893 P.2d 122, 126–128 (Colo. 1995)) (finding that it was clear that defendants have standing as a matter of course because, "the defendants are only in court because the State, as plaintiff, put them there.").

## B. Appellants Offer No Support For Their Novel Offensive Standing Argument And The Cases They Cite Cut Against Them.

Appellants first cite to *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) to argue that Appellees lack standing because they are not Plan administrators. However, *Leonelli* affirmed the district court's denial of an employee's motion to amend to add ERISA claims as futile because, first, those claims were time-barred (as they are here) and, second, the breach of fiduciary duty claims could not be brought because plaintiff named the wrong defendants. Appellants' citation to *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 132 (2d Cir. 2015) (allowing suit against a *claims* administrator)

undercuts any argument that the language in *Leonelli* that Appellants cites precludes suit against any party *except* a plan administrator, trustees, or the plan itself.

*Larson v. United Healthcare Ins. Co.*, 723 F.3d 905 (7th Cir. 2013) actually expands the universe of defendants even further. "The statute plainly spells out who may bring this claim—a plan 'participant' or 'beneficiary'[3]—but it does not specify who may be sued. Nor does it limit 'the universe of possible defendants'; indeed, it 'makes no mention at all of which parties may be proper defendants.'" *Larson*, 723 F.3d at 913 (citation omitted). The only framework that Larson provides is that a cause of action for "benefits due" must be brought against the party having the obligation to pay. *Id.*

As the Court is aware, Laumeister has an obligation to pay Plan participants after having been determined to be a breaching fiduciary. Unlike Laumeister, the District Court does not have an obligation to pay benefits under the Plan and therefore the District Court is not an appropriate defendant in these proceedings, even though the District Court is serving as the Plan's administrator. The "general rule" is that that the Plan is the proper defendant. However, it does not follow from this general rule that an ERISA claim for benefits may never be brought against a

---

[3] Supporting Appellees argument (*see* Br. of Defs./Counter-Claimants/Appellees/Cross-Appellants CTC Corp. and Bruce Laumeister at 30, dated April 22, 2024 (ECF No. 73)) ("Appellees' Brief") that Appellants Browe and Launderville are not "participants" and should not be considered in a remedial scheme.

fiduciary to the Plan. *See Larson*, 723 F.3d at 908. Because Laumeister has the obligation to pay, Laumeister has standing to challenge the award of benefits to Launderville and Browe.

Appellants' citation to *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) again, undercuts their standing argument: "[w]e conclude, therefore, that potential liability under 29 U.S.C. § 1132(a)(1)(B) is not limited to a benefits plan or the plan administrator." Similarly, *Layes v. Mead Corp.*, 132 F.3d 1246 (8th Cir. 1998) requires little analysis. The Eighth Circuit simply dismissed the claim against the defendant—it did ***not*** allow claims to proceed against that defendant while stripping the defendant of the right to raise legal defenses, as Appellants seek to do here. *Layes*, 132 F.3d at 1249.

*Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) is primarily a preemption case, and the quote Appellants identify is merely the recitation that the plan administrator was a proper defendant in that case, not a pronouncement that non-administrators lack standing. *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225 (5th Cir. 1997) does not even analyze standing. In *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988), notwithstanding that the named defendant employer was not the appropriate defendant, the Sixth Circuit simply continued with its analysis after noting that the parties had proceeded below as though it were.

Appellants also cite to *Massachusetts Laborers' Health & Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23, 27 (1st Cir. 1988) not for standing purposes, but for the proposition that "[s]ection 502(a)(1)(B) is merely one of ERISA's enforcement mechanisms, and does not create substantive rights in retirement plans." Resp. and Reply Br. for Appellants at 18, dated May 17, 2024 (ECF No. 75) ("Appellants' Reply"). There is no dispute as to whether Browe or Launderville's benefits are vested. There is a dispute as to whether they are "participants," as that term is meant under ERISA, in light of the time-bar on their claims, and entitled to participate in the remedial scheme. Appellants do not attempt to reconcile the existence of Appellants' vested benefits with the fact that Browe and Launderville have no means to enforce, nor does the District Court have the authority to direct payment, because Browe and Launderville's claims are time-barred. Appellees' Br. at 60.

After looking for authority to support Appellants' argument, and finding none, Appellants appeal to the language of the Remedial Order, but that language does not save Appellants' argument. Appellants' reference to the District Court's Remedial Order (Appellants' Reply at 18) highlights that the remedial scheme orders payment directly to *plan participants*, not to the Plan. The District Court stated:

> Provided Defendants CTC Corp. and Bruce Laumeister ***pay the Restoration Award to all other Plan Participants first***, they may set off the amount due to Plaintiff

Launderville under the Plan to satisfy the Contribution Judgment.

SA27.  The District Court's order directing Appellees to pay Plan benefits directly to participants is what renders Appellants' enforcement action moot once those benefits are paid by Appellees—not for any reason related to standing.[4]

---

[4] Appellants have paid all amounts indicated in the Remedial Order to the Participants or to their counsel, *except* to Browe and Launderville, whose claims are time-barred and, with respect to Launderville, a Counter-Defendant in this case, whose benefits are subject to offset in contribution based upon her liability as a breaching co-fiduciary for one-half (1/2) of the Restoration Award, as determined by the District Court in its Remedial Order.

## C. If Appellants Are Right, This Court Should Dismiss Appellants' Claims.

Appellants fail to address the logical conclusion of their standing argument: that if Appellants are right on standing, then the remedy is dismissal of claims for lack of standing, not that Appellees should be precluded from raising legal defenses. Indeed, every case that Appellants cite cuts against their own argument; no case exists that Appellees are aware of that supports it; and Appellants' argument supports dismissal if Appellants' argument was correct. Appellants' Reply at 14–19.

Standing issues may be raised at any time by the parties or *sua sponte,* but the apparent result here would be dismissal of Appellants' claims, or a second remand to the District Court to consider standing and the potential dismissal of Appellants' claims. *See Frank v. Gaos*, 586 U.S. 485, 492 (2019) (remanding to the district court to consider standing in class action matter). If, as Appellants argue, "in this case, the rights of the [p]lan participants in their benefits are not redressable against Defendants, because Defendants are no longer in the role of [p]lan administrators[]" (Appellants' Reply at 21) *and* Appellants are correct that post-complaint removal of Appellees as administrator can eliminate proof of standing, then Appellants lack standing to prosecute their remaining ERISA claims, which should be dismissed.

12

**II.** **Browe And Launderville Cannot Recover Benefits Under The Plan Like Other Plan Participants Because Their Claims For Benefits Were Not Timely And Are Barred By The Statute Of Limitations (Resp. To Appellants' Reply Sections II.A & D).**

### A. Browe And Launderville's Claims For Benefits Are Barred By The Statute Of Limitations.

Appellants argue that Browe and Launderville's claims are not time-barred because they, like all other plan participants, are not required to file or become parties to any lawsuit, or establish standing to do so, in order to receive Plan benefits. Appellants' Reply at 25. Appellants cite no support for this proposition, which ignores the findings of this Court that: "Although we do not hold that Plaintiffs have established their entitlement to benefits—as Defendants may have viable defenses to those claims—we conclude that the district court erred in its conclusion that they had failed to establish their entitlement as a matter of law." *Browe*, 15 F.4th at 202.

Because the District Court erred in finding that Appellants failed to prove they made IRA contributions and were therefore ineligible for benefits, in 2021 this Court vacated the judgment entered for Appellees on Appellants' wrongful denial of benefits claims and remanded the case to the District Court to craft a remedial scheme, taking into account the vested rights of participants and to address the viability of Appellees' defenses to those claims, "which are appropriately addressed by the district court in the first instance." *Id.* at 205.

13

On remand, the District Court appropriately addressed Appellees' statute of limitations defenses, which were asserted against claims brought by Browe and Launderville for wrongful denial of benefits. The District Court ultimately and correctly determined that both Browe and Launderville's claims were time-barred because there was a "clear repudiation" of their benefits more than six years prior to the commencement of this lawsuit. SA17. No further inquiry is necessary by this Court.

### B. Browe And Launderville's Claims Were Not Timely.

Appellants further argue in their opposition brief that Browe and Launderville's claims were timely (Appellants' Reply at 31), but they do not cite any facts or cases in support of that proposition. Contrary to Appellants' assertion, the District Court correctly determined on remand that Browe and Launderville's claims were not timely and, thus, are time-barred under the applicable Vermont statute of limitations for a breach of contract action because they: (1) had actual knowledge that CTC would not and could not pay their Plan benefits as early as February of 2008; (2) acted on that knowledge to secure their own side deals with Laumeister through multiple communications and meetings; and (3) such knowledge and consequent actions took place well more than six years prior to their filing suit in December of 2015, so the time bar is irrefutable. A320–321; *Browe*, 15 F.4th at 192.

The District Court emphasized below that both Browe and Launderville sought to take advantage of their insider status to secure side deals with Laumeister unavailable to other Plan participants. SA9. Because they knew CTC's cash flow was insufficient to fund payments under the Plan, they approached Laumeister directly with the understanding that rather than file suit, they could extract their Plan benefits from him personally based upon his promise to put them in his will. *Id.* As detailed in Appellee's Statement of the Case (Section II (iii)), Browe and Launderville had various meetings and written communications with Laumeister to arrange such side-deals. A225–A227.

The District Court thus correctly determined that any reasonable person in Browe and Launderville's situation would have been aware of a cause of action, regardless of whether they knew the precise legal claim to be advanced. SA18. Accordingly, Launderville and Browe's claims for benefits were not timely and are barred by the statute of limitations.

## III. **The District Court's Remedial Scheme Is Unreasonable Because It Renders The Statute Of Limitations Defense Meaningless (Resp. To Appellants' Reply Section II.B).**

Appellants mistakenly argue that the District Court's decision to award benefits to Browe and Launderville, notwithstanding the District Court's finding that their claims were time-barred, does not render the statute of limitations defense meaningless because Section 502(a)(1)(B) of ERISA is an enforcement mechanism

rather than a source of entitlement to benefits. While Appellees agree that Section 502(a)(1)(B) is an enforcement mechanism, under established precedent there is a statute of limitations period on enforcement "specified in the most nearly analogous state limitations statute" which is the statute of limitation on breach of contract claims. *Burke v. PriceWaterhouse Coopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009); *Ivanovic v. IBM Pers. Pension Plan*, 47 F. Supp. 3d 163, 167 (E.D.N.Y. 2014). In Vermont, the statute of limitations on breach of contract claims is six (6) years. Because the six-year period has run, Browe and Launderville's claims are barred and not enforceable. By incorrectly awarding benefits to Browe and Launderville, the District Court indeed rendered Appellees' statute of limitations defense meaningless.

**IV.** **As This Court Correctly Found, The Plan Was Never Terminated, So ERISA Section 4044 (codified in 29 U.S.C. § 1344) Does Not Apply To This Case And The District Court Erred In Applying 29 U.S.C. § 1344 And In Treating Its Allocation Scheme As Tolling The Statute Of Limitations (Resp. To Appellants' Reply Section II.C).**

In 2021, this Court found that the Plan was never terminated. *Browe,* 15 F.4th at 197 ("[A] termination that complies with neither the requirements of ERISA nor the terms of the operative plan itself is no termination at all."). Because the Plan was not terminated, this Court remanded the proceedings back to the District Court to recalculate the earnings on the Restoration Amount through the date of judgment. *Id.* at 199. As Appellants concede in their opposition brief, the District Court ordered

the Plan to be terminated at a future date, but that has yet to occur. Specifically, as Appellants point out on page 18 of their opposition brief, the District Court stated in its Remedial Order that "[o]nce the Restoration Award is paid in full, the Plan ***shall be*** terminated. At that point, Plaintiffs' recovery of benefits claims against Defendants shall be deemed moot." SA28 (emphasis added).

As directed by the District Court, in August and September of 2023, the Estate made payments in full to fourteen of the sixteen plan participants totaling $545,940.00. *See* SA40; A372. The Estate made those payments from its own assets because CTC has been dissolved and has no assets. *See* A372. Launderville, a breaching fiduciary, and Browe have not been paid because their claims for benefits are barred by the six year statute of limitations, a central issue of this Cross-Appeal.

Whether the Restoration Award must be paid in full is still an open issue on appeal and thus the Plan has not yet terminated, as per the District Court. This is why Appellants cannot to point to any particular termination date in their opposition brief. Appellants' Reply at 29. Given that the plan was still in existence during the District Court proceedings, ERISA Section 4044 (29 U.S.C. §1344) does not mandate automatic distribution of Plan benefits. Appellants' argument to the contrary lack any basis or support.

17

**V.** **Counter-Defendant Launderville Should Not Be Permitted To Recover Benefits Because She Is Liable For ½ Of The Restoration Award (Resp. To Appellants' Reply Section II.E).**

Appellants further argue in their opposition that the District Court was not authorized to offset Counter-Defendant Launderville's benefits under the Plan by the amount owed to Laumeister in contribution, citing the anti-alienation provision of ERISA Section 206(d) and stating that the exception under ERISA Section 206(d)(4) for amounts owed to the Plan does not apply because the amount owed by Launderville to Laumeister in contribution is not an amount that is owed to the Plan. Appellants' argument ignores the reality of the District Court's finding that Launderville is liable for ½ of the Restoration Amount (which is an amount that is owed to the Plan).

The District Court's finding was based upon evidence of self-dealing on the part of Launderville, who sought to recover benefits for herself from Laumeister personally while failing to carry out even the most basic duty as a fiduciary to the Plan, *i.e.*, notifying Plan participants that Plan assets had been diverted. Disallowing the offset of Launderville's benefits would be contrary to the policy of ERISA to deter the very type of fiduciary breaches that Launderville engaged in. As this Court stated in *Masters & Pilots Pension Plan*, "*Chemung* reflects our belief that ERISA's purpose of deterring pension plan abuse is frustrated when solvent breaching fiduciaries are allowed to escape the consequences of their actions." *Masters*, 957

18

F.2d 1020, 1029 (2d Cir. 1992). Launderville, a Counter-Defendant in this case, should not be entitled to recover benefits given her liability for ½ of the Restoration award and ERISA's policy of deterring the fiduciaries from assisting in the diversion of plan assets.

## **CONCLUSION**

As reiterated above, and as set forth in further detail in CTC and Laumeister's Cross-Appeal Brief, CTC and Laumeister respectfully request that the Court grant CTC and Laumeister's Cross-Appeal in its entirety and deny Plaintiffs' Appeal in its entirety, resulting in the following relief:

a. Affirm the District Court's ruling that Browe and Launderville's claims for benefits are barred by the applicable statute of limitations (*See* Appellees' Br. Section I; Appellees' Reply Section II);

b. Reaffirm this Court's prior finding that the Plan was never terminated and, therefore, reverse the District Court's erroneous ruling that 29 U.S.C. § 1344 applies to the distribution of Plan benefits (Appellees' Br. Section II; Appellees' Reply Section IV);

c. Reverse the District Court's erroneous award of benefits in the amount of $94,461.00 to Browe and $189,514.00 to Launderville, hold that they are not entitled to any benefits because their claims are time-barred and reduce the restoration award to $545,940.00, which has already been paid to the plan participants (Appellees' Br. Sections I–III, Appellees' Reply Section IV);

d. Reaffirm this Court's prior ruling that Launderville, a Counter-Defendant in this case, is a breaching co-fiduciary who engaged in "classic self-dealing" and, therefore, reverse the District Court's ruling that she is entitled to recover any benefits (Appellees' Br. Section III);

e.     If any benefits should be awarded to Counter-Defendant Launderville, which they should not, affirm the District Court's order allowing for offset of Launderville's $189,514.00 in Plan benefits in contribution to Laumeister (Appellees' Reply Section I);

f.     Affirm the District Court's 50/50 allocation of liability between Counter-Defendant Launderville and Defendant Laumeister with no liability allocated to CTC; affirm that Launderville is liable to Laumeister for one-half (1/2) of the restoration award; or, in the alternative, if the Court should determine that the allocation of liability to CTC must be further considered, remand to the District Court to consider same (Appellees' Reply Section II); and,

g.     Reaffirm this Court's prior ruling and mandate to the District Court to re-calculate the restoration award based on losses since 2004 through the date of Judgment and thus affirm the District Court's restoration calculation (Appellees' Reply Section III).

Dated: June 7, 2024         **PRIMMER PIPER EGGLESTON & CRAMER PC**

By:     */s/ Alexandra E. Edelman, Esq.*
Alexandra E. Edelman, Esq.
Ryan M. Long, Esq.
30 Main Street, Suite 500
Burlington, VT 05401
(802) 864-0880
aedelman@primmer.com
rlong@primmer.com

DEVINE, MILLIMET & BRANCH P.A.
Nicole Bodoh, Esq.
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
nbodoh@devinemillimet.com

*Co-Counsel for CTC Corporation and Bruce Laumeister*

20

# <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 28.1(e)(2)(A)(i) and 32(a)(7)(B)(i), and with Local Rule 28.1.1(a), because this brief contains 4,557 words, excluding items listed in Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  June 7, 2024

PRIMMER PIPER EGGLESTON & CRAMER PC

By:  */s/ Alexandra E. Edelman, Esq.*
Alexandra E. Edelman, Esq.

*Counsel for Defendants/Counter-Claimants/Appellees/Cross-Appellants CTC Corporation and Bruce Laumeister*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2024, I electronically filed the foregoing Reply Brief of Defendants/Counter-Claimants/Appellees/Cross-Appellants CTC Corporation and Bruce Laumeister with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system, with paper copies to follow by mail.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system, including:

> John D. Stasny, Esq.
> Woolmington, Campbell, Bent & Stasny, P.C.
> 4900 Main Street, PO Box 2748
> Manchester Center, VT 05255
> (802) 362-2560

Dated: June 7, 2024

> PRIMMER PIPER EGGLESTON & CRAMER PC
>
> By: <u>*/s/ Alexandra E. Edelman, Esq.*</u>
> Alexandra E. Edelman, Esq.
> 30 Main Street, Suite 500
> Burlington, VT 05401
> (802) 864-0880
> aedelman@primmer.com
>
> *Counsel for Defendants/Counter-Claimants/Appellees/Cross-Appellants CTC Corporation and Bruce Laumeister*